UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00434-AG (MLGx) | Date | July 28, 2008 |
|---|---|---|---|
| Title | Allen E. Orr v. Orange County Sheriff's Department, et al. | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge | |
|---|---|---|
| Terri Steele | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers) Order Denying Defendants' Motion to Compel

The Court has reviewed the documents submitted in support of Defendants' Motion to Compel Adequate Responses to Orange County Sheriff's Department's Interrogatories, Set One; Sgt. Alan Hanson's Interrogatories, Set One; Tina Bishop's Interrogatories, Set One; Lt. Daniel Hake's Interrogatories, Set Two; Capt. Brian Cossairt's Interrogatories, Set One.  The Court has determined that a hearing on the motion is not required, and the hearing set for Tuesday, July 29, 2008, at 10:00 a.m. is taken off calendar.

Plaintiff Allen E. Orr is employed as a deputy sheriff with the Orange County Sheriff's Department. While off duty in 2006, Plaintiff suffered a broken wrist in a motorcycle accident, after which he was placed in a light-duty position with the department.  Plaintiff alleges that although he was not initially required to wear a uniform in his light-duty position, his supervisors eventually began enforcing a dress code that did require a uniform.  Plaintiff alleges that department supervisors enforced the policy in a discriminatory fashion.  Plaintiff, who is black, further alleges that he was suspended from work for complaining about the policy, while a similarly situated white officer who also complained was not suspended.  Plaintiff commenced this action for employment discrimination.

Defendants began issuing discovery requests to Plaintiff on September 11, 2007, which included several sets of requests for admissions propounded from each individual defendant.  These requests for admissions were extremely broad and essentially asked Plaintiff to admit that his legal theories were without merit and that no facts supported his case. For example, Defendant Sheriff's Department included the following requests for admission in its discovery requests: "Admit no employee of the Orange County Sheriff's Department has ever violated your federal Constitutional rights," and "Admit the conduct of all Orange County Sheriff's Department employees in this case was lawful in all aspects." (Decl. of Holly M. Stafford ("Stafford Decl.") Ex. N at 3.)  Taken by themselves, the usefulness of such requests for admission is highly questionable, given the dismal probability that Plaintiff would completely undermine his own case by admitting any such requests.

When combined with the interrogatories Defendants also issued to Plaintiff, the strategy becomes clear.  The interrogatories, which are the subject of this motion, state as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00434-AG (MLGx) | Date | July 28, 2008 |
|---|---|---|---|
| Title | Allen E. Orr v. Orange County Sheriff's Department, et al. | | |

For each response to Requests for Admission, Set One, propounded by Defendant Orange County Sheriff's Department, that is not an unqualified admission:

    (a)    state the number of the request;

    (b)    state all facts upon which you base your response;

    (c)    state the names, addresses, and telephone numbers of all persons who have knowledge of those facts;

    (d)    identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.

(Joint Stip. 13-14.) In essence, Defendants issued numerous requests for admission that Plaintiff would assuredly deny, then issued interrogatories requiring Plaintiff to justify, in minute detail, each of his denials, for each of the defendants. The effect of Defendants' discovery requests is to drown Plaintiff, a pro se litigant, in complicated and burdensome paperwork that seems more intended to confuse and overwhelm the recipient rather than glean any useful information with which to properly litigate the case.

Although the Federal Rules of Civil Procedure do not expressly preclude Defendants from issuing interrogatories that touch on the same subjects as requests for admission, Rule 26(b)(2)(C) grants the Court authority to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." The Court finds that Defendants' interrogatories as drafted are excessive, duplicative, and unduly burdensome. Defendants can obtain all the information they need by deposing Plaintiff and crafting straightforward, non-repetitive interrogatories that do not require Plaintiff to submit evidence explaining why Defendants' extensive requests for admission are inaccurate.

Accordingly, Defendants' motion to compel is **DENIED** without prejudice. This Order does not preclude Defendants from issuing appropriate interrogatories or seeking other permissible discovery under the Federal Rules and in accordance with this Order.

It is so **ORDERED**.

                                                                                                                       :

Initials of Clerk    ts